CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
C'Ville - RLe
OCT 21 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ANTHONY HATCHES,<br><br>    *Petitioner,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    *Respondent.* | CIVIL ACTION NO. 7:05-CV-00054<br>CRIM. ACTION NO. 3:02-CR-00058<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

Before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, and the government's Motion to Dismiss. For the reasons set forth below, the Court will grant the Motion to Dismiss.

**BACKGROUND**

A Western District of Virginia Grand Jury in Charlottesville named Anthony Hatches, along with Shamica Poindexter, in a Five-Count Indictment on August 14, 2002. Count One charged that on an unknown date, but not before July 2002, Hatches and Poindexter conspired to possess with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Count Two charged that on or about July 31, 2002, Hatches and Poindexter possessed with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Count Three charged that on or about July 31, 2002, Hatches possessed a firearm, specifically a .32 Derringer, during and in relation to a drug-trafficking crime in violation of 18 U.S.C.

§924(c). Count Five charged that on or about July 31, 2002, Hatches possessed a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). After a trial by jury, Hatches was found guilty on all counts on November 1, 2002. He was sentenced to 200 months incarceration on January 24, 2003. He filed an appeal, but on September 17, 2003, the Fourth Circuit affirmed Petitioner's convictions and sentencing. Hatches then filed a petition for certiorari to the Supreme Court, which was denied on January 20, 2004. Finally, Hatches filed the pending § 2255 Motion on January 21, 2005. He also filed a Motion to Amend his original Petition on June 6, 2005. The Magistrate Judge denied Hatches' Motion to Amend on July 18, 2005, but the government nonetheless addressed the additional grounds for relief in its response to the Petition on August 3, 2005. Finally, Hatches filed a Motion to Alter or Amend Judgment on August 1, 2005, with regard to the Magistrate Judge's denial of the Motion to Amend. The Magistrate Judge took the Motion to Alter Judgment under advisement on August 31, 2005. The case is now ripe for decision.

Petitioner's original § 2255 Motion set forth a claim of ineffective assistance of counsel. In his Motion to Amend, Petitioner sought to add a second claim, arguing that the Court improperly considered a juvenile offense in calculating his sentence. Although the Plaintiff's Motion to Amend did not relate back to his original Petition, and was denied by the Magistrate Judge, the Court will consider both issues out of an abundance of caution.

## ANALYSIS

### A. Ineffective Assistance of Counsel

Petitioner's first claim is that his attorney was ineffective, thus depriving him of his 6th Amendment right to counsel. U.S. Const. amend. VI. Hatches contends that Davidson failed to

2

adequately investigate Petitioner's case prior to trial, did not sufficiently emphasize Petitioner's difficult childhood to the judge and jury, improperly urged Petitioner not to testify in judicial proceedings, ineffectively questioned witnesses at trial, and failed to ask for a continuance.

Establishing ineffective assistance of counsel is no easy task. To demonstrate that his counsel was so deficient as to violate the Sixth Amendment's right to counsel, Hatches must meet both prongs of a stringent two-prong test. *See Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must show that his counsel's performance was below an objective standard of reasonableness. This burden is a heavy one, as there is a strong presumption that counsel has rendered competent assistance. *Id.* at 690. Second, Petitioner must demonstrate that but for counsel's deficient performance, there is a reasonable probability that the outcome of the case would have been different. *Id.* at 692, *Moody v. Polk*, 408 F.3d 141, 146 (4th Cir. 2005). The Court will begin the analysis with the first, "performance" prong.

Petitioner has failed to show that his attorney performed below an objective standard of reasonableness. Hatches argues that his attorney did not properly investigate his crime, improperly persuaded him not to testify, did not effectively cross-examine witnesses, did not bring up Petitioner's difficult childhood history, and should have asked to continue the trial. None of these arguments have merit.

Hatches first appears to argue that his attorney did not properly investigate whether he was actually in the hotel room where the cocaine was found. Hatches' own version of the story, however, as described in his Petition, concedes that he was in the hotel room. Pet. at 12. Moreover, Hatches apparently never suggested that he was not in the hotel room to his attorney, and even told his attorney that he was in the hotel previously. Aff. at 11–12. Hatches cannot tell

3

his attorney one story and then expect the attorney to investigate to see if he has lied. *See Moody v. Polk*, 408 F.3d 141, 150 (4th Cir. 2005). Therefore, this claim has no merit.

Hatches also argues that his attorney improperly persuaded him not to testify, and thus he was unable to tell the jury his version of events. According to Petitioner, the police officers did not properly Mirandize him at the scene of the crime, and he did not confess. His attorney, however, states in his affidavit that Hatches refused to testify, and the attorney agreed with that decision. Aff. at 7, 9. Moreover, even if the attorney had persuaded Petitioner to refrain from testifying, such a tactical decision would not have been unreasonable. Petitioner apparently had told the attorney several versions of the events that led to his arrest. Aff. at 17. Furthermore, the prosecutor would likely have impeached Petitioner's testimony. Therefore, it was unlikely that the jury would have found Petitioner's testimony more credible than that of the police officers, and possible that his testimony might have damaged his case, had he appeared to be lying. Thus, a decision not to have Petitioner testify would have been objectively reasonable.

Petitioner also argues that his attorney failed to effectively cross-examine police witnesses, because the attorney did not sufficiently question the police about Petitioner's confessions or whether Petitioner had asked for his attorney. The attorney did cross-examine the police about their version of events during trial, and the Court finds that his actions were not below an objectively reasonable standard. *See* Pet. at 16–20.

Petitioner objects that his attorney did not sufficiently describe his allegedly terrible childhood to the jury or the judge. The Court cannot determine, however, why such evidence would have been relevant to the jury's determination of guilt. Furthermore, the attorney did draw Petitioner's background to the attention of the judge. Pet. at 47. Petitioner's attorney's actions

4

were objectively reasonable.

Finally, Petitioner contends that his attorney should have asked for a continuance prior to trial. The Court can find no suggestion that Petitioner's attorney was unprepared for trial, however, and thus determines that this claim is also without merit. Therefore, Petitioner has failed to show that his attorney's performance was below a standard of objective reasonableness in any instance.

Moreover, there is no reasonable probability that any of these actions that Petitioner mentions would have changed the outcome of the trial, and thus Hatches' claim also fails the second element of the *Strickland* test. To succeed under *Strickland's* second, "prejudice" prong, Hatches must demonstrate that without counsel's alleged errors, there is a reasonable likelihood that his case's outcome would have changed. *Strickland*, 466 U.S. at 692. In other words, Petitioner must establish that there is a reasonable possibility that the jury would have had a reasonable doubt as to Petitioner's guilt without his counsel's supposed mistakes. *Id.* The Court finds that a different outcome at Petitioner's trial would have been extremely unlikely.

The overwhelming weight of the evidence was against Petitioner at trial. The police entered a hotel room and found Petitioner, along with some crack cocaine and a firearm. In addition, several policemen testified that Petitioner confessed more than once to the crimes in the indictment. Neither a more exhaustive investigation of the case, nor an appeal to the jury regarding Petitioner's difficult childhood would have changed these facts and potentially provided the jury with a reasonable doubt as to Petitioner's guilt. Thus, Petitioner's argument that his attorney's alleged errors in this area prejudiced the outcome of the trial must fail.

Petitioner also apparently contends that had his attorney presented the facts of his

5

childhood more convincingly at sentencing, the judge might have made a downward departure. This objection also fails. Many defendants have had terrible childhoods, and rarely does such a background merit a downward departure. There is no reasonable likelihood that such an action would have changed the outcome for Petitioner.

Hatches finally argues that his attorney did not sufficiently cross-examine the detectives, or place Hatches himself on the stand to testify. If Hatches had testified that he never confessed, Petitioner contends, and if the detectives had undergone a better cross-examination, the jury could have had a reasonable doubt as to whether Petitioner actually confessed to the crimes. However, despite Petitioner's arguments, it is still most unlikely that the outcome of the trial would have been different. Petitioner would first have had to overcome the fact that he was found in a hotel suite with the drugs and gun in question. Furthermore, he suggests that the jury would probably have found his testimony more credible than that of several police detectives, an argument which stretches the imagination. There is no reasonable likelihood that the outcome of Petitioner's trial was prejudiced by his attorney's performance. The Court will deny Petitioner's § 2255 Motion.

### B. Calculation of Sentence

Hatches also contends that the District Court improperly assigned him three criminal history points for a New York robbery conviction that occurred when he was sixteen, arguing that he was a juvenile at the time, and thus the robbery should not have been included in the criminal history calculations. However, under New York law, a juvenile delinquent is defined as someone who is over seven and less than sixteen years of age. N.Y. Family Court Act § 301.2 (1998). The U.S. Sentencing Guidelines require that district courts add three criminal points if

the defendant was convicted as an adult and sentenced to a term of imprisonment exceeding one year and a month. *U.S. Sentencing Guidelines Manual* § 4A1.2(d)(1) (2000). Hatches was convicted as an adult and initially served six months for the robbery, followed by a year in prison after a probation violation. Therefore, the Court properly considered the robbery in determining Petitioner's criminal history, and this claim will also be rejected.

## CONCLUSION

The Government's Motion to Dismiss shall hereby be granted. An appropriate Order shall issue this day.

ENTERED: *[signature]*
United States District Judge

October 21, 2005
Date

7